IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ST. LOUIS,            )
                            )
        Plaintiff,          )
                            )
    v.                      )   Civ. No. 05-038-SLR
                            )
OFFICER WILSON, et al.      )
                            )
        Defendants.         )

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Plaintiff James St. Louis filed this pro se action on behalf of himself, his wife, his seven children and one grandchild for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. (D.I. 2) He alleges that 26 defendants violated his right to "life, liberty or property without due process of law and the denial of equal jurisdiction and protection provided to them via federal and state laws according to the XIV Amendment."[1] The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the

---

[1] Plaintiff filed a habeas petition on March 28, 2005. St. Louis v. Carroll et al., Civ. No. 05-187-SLR.

plaintiff is eligible for pauper status. On February 15, 2005, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 1, 6)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[2] If the court finds the plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review. See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the

---

[2] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[3]

III. DISCUSSION

Plaintiff's allegations challenge the legality and propriety of his arrest, conviction, sentence, confinement and prison classification. (D.I. 2) Specifically, plaintiff was arrested in September 2000 on charges of rape of a minor, continuous sexual abuse of a child and incest. See St. Louis v. State of Delaware, Civ. No. 05-137-SLR. He contends the arrest, prosecution and trial were replete with errors made by police

---

[3] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

investigators, judges, prosecutors and his public defenders. Plaintiff challenges the veracity of the minor victim and submits that social services personnel coerced her into fabricating the charges. He also states that prison officials and correctional officers have improperly classified him into a housing unit designated for sex offenders.

It is clear that plaintiff is challenging his conviction; however, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). A plaintiff cannot recover damages under § 1983 for alleged false imprisonment unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff has not alleged that his conviction or sentence was reversed or invalidated by any means required under Heck. To the contrary, plaintiff's conviction was upheld on direct appeal, his motion for state postconviction relief was denied and he has since instituted a habeas action in this court. St. Louis v. State of Delaware, 798 A.2d 1042 (Del. 2002); State v. St. Louis, 2004 WL 2153645 (Del. Super. 2004), affirmed, St. Louis v. State of

Delaware, 869 A.2d 328 (Del. 2005). Accordingly, these claims are frivolous under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

Alternatively, the court finds that the claims are frivolous for the following reasons. First, the United States Supreme Court has held that judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Second, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Third, generally, prosecutors are immune from § 1983 actions. Imbler v. Pachtman, 424 U.S. 409, 439 (1976). Finally, this court has repeatedly concluded that the applicable statutes and regulations governing the Delaware prison system do not provide inmates with a liberty interest in a particular classification in the prison system. Carrigan v. State of Delaware, 957 F. Supp. 1376, 1385 (D. Del. 1997).

IV. CONCLUSION

At Wilmington this 13th day of September 2005, for the reasons stated;

IT IS ORDERED that:

1) Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

2) Plaintiff's motions for appointment of counsel (D.I. 3, 10) are denied as moot.

                                                */s/ Sue L. Robinson*
                                        United States District Judge